IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GERALD L. COTTEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-392-R |
| | ) | |
| RON WARD, | ) | |
| | ) | |
| Respondent. | ) | |

# **O R D E R**

Before the Court are the Petitioner's pleading captioned: "Motion to Reopen Time for Appeal/Reconsider Order" (Document No. 16), and the Petitioner's Objection to the Report and Recommendation of United States Magistrate Judge Valerie K. Couch (Document No. 15).

The Court first addresses the Petitioner's motion to reconsider the Court's order and judgment entered September 9, 2005. Following an extension of time, the Petitioner's response to the Report and Recommendation was due September 6, 2005. The Petitioner alleges, and his certificate of mailing shows, that he placed his Objection in the facility's mailroom on September 2, 2005, although it was not received until after the Court had entered its order and judgment on September 9, 2005. Under the prison "mailbox rule," a pro se prisoner's pleadings will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the Court itself receives the documents. *Dunn v. White,* 880 F. 2d 1188, 1190 (10th Cir. 1989) (Applying prison mailbox rule to inmate's objections to a magistrate's report in a civil rights case). Accordingly, for good cause shown, the Petitioner's motion to reconsider will be granted, and the Court's order of September 9, 2005 will be vacated.

The Petitioner challenges the revocation of 60 earned credits on August 19, 2004, arising out of a disciplinary proceeding at the Great Plains Correctional Facility. The record indicates that on August 12, 2004, corrections officer D. Branam observed the Petitioner passing a "large white envelope" to fellow inmate Kenneth Polly. At Officer Branam's request, another officer confiscated the envelope. According to Officer Branam, "[i]t was later determined the envelope did belong to inmate Polly." (Respondent's Exhibit 2). The Petitioner was charged with Individual Disruptive Behavior in violation of Rule 02-26.[1]

The Petitioner, who works as an inmate legal assistant, admits that he handed inmate Polly legal documents to be read, signed, and mailed to the courts. The Petitioner does not deny that the legal documents, and the envelope containing them, had been in his cell. The Petitioner contends, however, that the legal documents were his own "work product," which he had prepared for inmate Polly as a legal assistant. Following a hearing, the Petitioner lost sixty days of earned credit, and was reassigned to Level 1 for forty-five days. The Petitioner's disciplinary conviction was affirmed by the facility head, and again affirmed by the designee of the Director of the Department of Corrections.

In this proceeding, the Petitioner claims that prison officials violated his due process rights by punishing him "without evidence" that he was guilty of the disciplinary infraction with which

---

[1] Rule 02-26 provides, in pertinent part:

"ACTS CONSTITUTING RULE VIOLATION

Hindering a correctional staff member in the performance of his or her duties to include, but not limited to:

> Possession of property belonging to another person, unauthorized state/private/public property, or official documents/materials."

he was charged. Alternatively, the Petitioner claims that the rule is too ambiguous to provide inmates with fair notice of what conduct is prohibited. The Petitioner also claims that his First Amendment rights were violated.

As the Magistrate Judge noted, Oklahoma courts have determined that state law creates a cognizable liberty interest in earned good time credits. *See Waldon v. Evans,* 861 P. 2d 311 (Okla. Crim. App. 1993). Therefore, prisoners are entitled to minimum due process protection before their earned credits may be revoked. *Mitchell v. Maynard,* 80 F. 3d 1433, 1445 (10th Cir. 1996).[2] In this case, the Petitioner argues that his due process rights were violated because his disciplinary conviction was not supported by any evidence.

The Petitioner contends, however, that the legal documents were his own "work product," and that the rules governing the conduct of inmate legal assistants do not prohibit a legal assistant from doing legal work in his cell, or from taking his work product from the library. When reviewing an inmate's federal habeas corpus challenge to a state prison disciplinary board decision based upon the sufficiency of the evidence, the Court does not examine the entire record, assess the credibility of witnesses or weigh the evidence. Rather, the Court simply determines whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Gamble*

---

[2]As the Magistrate Judge explained, the since disciplinary proceedings are not part of a criminal prosecution, the full panoply of rights afforded to defendants in criminal proceedings does not apply. *Wolff v. McDonnell,* 418 U. S. 539, 556 (1974). To meet the minimal due process requirements for prison disciplinary proceedings, an inmate must be given: 1) advance, written notice of the disciplinary charge; 2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence; and 3) a written statement of the evidence relied upon and the reasons for any disciplinary action. *Superintendent v. Hill,* 472 U. S. 445, 454 (1985).

*v. Calbone,* 375 F. 3d 1021 (10th Cir. 2004); *Superintendent v. Hill,* 472 U. S. 445, 455 - 456, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

As the Magistrate Judge noted, Rule 02-26 expressly prohibits "[p]ossession of property belonging to another person." The Court agrees with the Magistrate Judge's conclusion that this rule is sufficiently clear and unambiguous to provide fair notice to inmates of what conduct is prohibited. Furthermore, although the Petitioner may have drafted the legal documents contained in the envelope, there is at least "some evidence" that the envelope in his possession belonged to inmate Polly.

The Court next addresses the Petitioner's claim that prison officials violated his First Amendment rights by implementing a policy which prohibits inmate legal assistants from working on other inmates' legal matters outside the prison law library. The Court agrees with the Magistrate Judge's conclusion that this claim challenges the conditions of his confinement, and thus should be properly raised in a civil rights proceeding under Title 42 U. S. C. § 1983 after exhaustion of administrative remedies. This claim does not state a cognizable ground for habeas corpus relief.

## Conclusion.

For good cause show, the Petitioner's Motion to Reopen Time for Appeal/Reconsider Order is hereby GRANTED, and the Court's prior order and judgment affirming the Magistrate Judge's report and recommendation based upon the Petitioner's failure to file a timely objection are hereby VACATED.

Upon de novo review of the record and the merits of the Petitioner's claims, the Report and Recommendation of the United States Magistrate Judge is hereby ADOPTED in full. The Petitioner's Objection is hereby OVERRULED. The Petition for Writ of Habeas Corpus is hereby

DENIED. The Petitioner's First Amendment-based claim challenging the conditions of his confinement is hereby DISMISSED without prejudice to refiling upon exhaustion of administrative remedies.

**IT IS SO ORDERED this 28th day of December, 2005.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE